



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HUGH A. ZUBER**
Assistant Corporation Counsel
phone 212-442-0832
fax: 212-788-9776
email: hzuber@law.nyc.gov

# MEMO ENDORSED

November 15, 2007

BY FACSIMILE - 212-805-6326
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

11/16/07
[Adjournment granted]

Re: *Carl Umunna v. City of New York, et al.*, 07 Civ. 8791(CM)(DFE)

Dear Judge McMahon:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendants City of New York, Detective Noel Garcia, Officer Ivan Rosario and Officer Carlos Romero. I am writing to request a sixty-day enlargement of time, from November 15, 2007 to January 14, 2008, within which this office may answer or otherwise respond to the complaint. Plaintiff's counsel position to this request has not been obtained as he is out of the country and will not be returning until November 20, 2007.[1] This is the City's first request for an enlargement of time in this action. Defendants apologize for the lateness of this request.

    In the complaint, the plaintiff alleges, *inter alia*, violations of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, when he was allegedly assaulted and falsely arrested by police officers and maliciously prosecuted on those criminal charges. Plaintiff also appends supplemental state law claims. There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the

---

[1] As per a support staff member of plaintiff's attorney's firm.

Hon. Colleen McMahon
November 15, 2007
Page – 2 –

Federal Rules of Civil Procedure, we will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to § 160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal matter. Defendants cannot obtain these records without the designation, and without the records, defendants cannot properly assess this case or respond to the complaint.

Second, assuming plaintiff effected timely service of the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent other individually named defendants. See *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65(2d Cir. 1985) quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Lastly, an initial conference is currently scheduled for December 14, 2007. If the Court is inclined to grant the instant application, defendants also respectfully request that the initial conference be adjourned to a date convenient to the Court and after defendants have answered or otherwise responded to the complaint.

Accordingly, we respectfully request that: 1) defendants be granted a sixty day enlargement of time, from November 15, 2007 to January 14, 2008, to answer or otherwise respond to the complaint and 2) that the initial conference scheduled for December 14, 2007 be adjourned.

Thank you for your consideration of this matter.

Respectfully submitted,

Hugh A. Zuber (HZ 4935)
Assistant Corporation Counsel

<u>BY FAX (718) 502-9953</u>
Okechukwu Valentine Nnebe, Esq.
255 Livingston Street, 4th Floor
Brooklyn, New York 11217
Attorney for Plaintiff