UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………x
CARL UMUNNA,

                Plaintiff,

  -against-

THE CITY OF NEW YORK; NEW YORK
CITY POLICE DEPARTMENT; "POLCIE
OFFICER JORGE ROCHEZ,"SHIELD NO.
02048; POLICE OFFICER TORRES,
SHIELD NO. 24873; "POLICE OFFICER
ROMERO," SHIELD NO. 8835; "POLICE
OFFICER ROSARIO," SHIELD No. 9231;
"DETECTIVE NOEL GARCIA," SHIELD
NO. 01060; ANA REYES; "Police Officers
JANE DOE" and "JOHN DOE" 1'through'
10 inclusive, the names of the last defendants
being fictitious, the true names of defendants
being unknown to the plaintiff.

                Defendants.
……………………………………………x

Docket No. 07 CIV. 8791 (CM)

**ANSWER**

## NATURE OF ACTION

1. Neither admits not denies each and every allegation contained in paragraphs "1" and "2" of the Complaint in that the allegations contained therein call for a legal conclusion

## JURISDICTION

2. Neither admits not denies each and every allegation contained in paragraphs "3," "4," and "5" of the Complaint in that the allegations contained therein call for a legal conclusion

## PARTIES

3. Denies knowledge or information upon which to form a belief concerning each and every allegation contained in paragraph "6" of the complaint except admits that plaintiff appears to be Black.

4. Denies knowledge or information upon which to form a belief concerning each and every allegation contained in paragraphs "7", "9" and "10" of the complaint.

5. Denies each and every allegation contained in paragraph "8" of the complaint except admits that she has a residence in the City and State of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. Denies each and every allegation contained in paragraph "11" of the complaint, but admits that she took the plaintiff in as a roommate and that he agreed to pay $500.00 to cover his share of rent, utilities and cable television. This defendant further admits that due to the plaintiff's disturbing and violent behavior that she took steps to have him legally removed from the premises.

7. Denies each and every allegation contained in paragraphs "12" " and "41" of the complaint.

8. Denies each and every allegation contained in paragraph "13" of the complaint, but admits that the police were called and arrived at the apartment and that they spoke to this defendant, but in English, not Spanish. This defendant further denies knowledge or information upon which to form a belief regarding what the plaintiff may have told the police.

9. Denies each and every allegation contained in paragraph "14" of the complaint, but denies knowledge or information upon which to form a belief regarding any conversations between the plaintiff and the police.

10. Denies knowledge or information upon which to form a belief regarding each and every allegation contained in paragraphs, "15," "16," "17," "18," "21," "22," "23," "24,""27," "28," "31," " "35," "37," "38" and "40" of the complaint.

11. Denies each and every allegation contained in paragraph "19" of the complaint but denies knowledge or information upon which to form a belief regarding any allegations of conversations between the plaintiff and the police.

12. Denies each and every allegation contained in paragraph "20" of the complaint, but admits that she shut the gas because the pilot light went out and shut the water because there was a broken pipe under the kitchen sink. This defendant further denies knowledge or information upon which to form a belief regarding the plaintiff's interactions with the police.

13. Denies each and every allegation contained in paragraph "25" of the complaint, but admits that the plaintiff was lawfully removed from the premises by the police

14. Denies each and every allegation contained in paragraph "26" of the complaint, but admits that the plaintiff was removed from the premises for violating an order of protection.   This defendant further denies knowledge or information upon which to form a belief regarding the plaintiff's interactions with the police.

15. Denies each and every allegation contained in paragraph "29" of the complaint, but admits that she was arrested for allegedly violating the order of protection granted to plaintiff [at this time, plaintiff and this defendant had orders of protection against each

other], she was "processed", but after meeting with the District Attorney's Office, the decision was made not to pursue any action against her and she was permitted to go home.

16. Denies each and every allegation contained in paragraphs 30," "33," "34 and "36," of the complaint as they apply to this defendant and denies knowledge and information upon which to form a belief regarding these allegations as they concern the other defendants in this action.

17. Denies each and every allegation contained in paragraph "32" of the complaint, but neither admits not denies the portions of this paragraph that call for legal conclusions.

18. There is no paragraph "39" in the copy of the complaint served on this defendant.

## ANSWERING THE FIRST CAUSE OF ACTION

19. Repeats and reiterates each and every response to each allegation that is referred to in paragraph "42" of the complaint with the same force and effect as if fully set forth at length.

20. Denies knowledge or information upon which to form a belief regarding each and every allegation contained in paragraphs, "43," "44," "45," and "46" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

21. Repeats and reiterates each and every response to each allegation that is referred to in paragraph "47" of the complaint with the same force and effect as if fully set forth at length.

22. Denies each and every allegation contained in paragraphs "48," "49" and "50" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

23. Repeats and reiterates each and every response to each allegation that is referred to in paragraph "51" of the complaint with the same force and effect as if fully set forth at length.

24. Denies knowledge or information upon which to form a belief regarding each and every allegation contained in paragraphs,"52," "53,"[1] "54" and "55" of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

25. Repeats and reiterates each and every response to each allegation that is referred to in paragraph "56" of the complaint with the same force and effect as if fully set forth at length.

26. Denies each and every allegation contained in paragraphs "57," 58" and "59" of the complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

27. Repeats and reiterates each and every response to each allegation that is referred to in paragraph "60" of the complaint with the same force and effect as if fully set forth at length.

28. Denies knowledge or information upon which to form a belief regarding each and every allegation contained in paragraphs, "61," "62," "63," "64," "65," 66 and "67,"of the complaint.

---

[1] The answer contains two paragraph "53s" containing different allegations. This defendant's response to both these paragraphs is the same.

## ANSWERING THE SIXTH CAUSE OF ACTION

**29.** Repeats and reiterates each and every response to each allegation that is referred to in paragraph "68" of the complaint with the same force and effect as if fully set forth at length.

30. Denies each and every allegation contained in paragraphs "69," "70," "71," and "72" of the complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

**31.** Repeats and reiterates each and every response to each allegation that is referred to in paragraph "73" of the complaint with the same force and effect as if fully set forth at length.

32. Denies knowledge or information upon which to base a belief regarding each and every allegation contained in paragraph "74" of the complaint.

33. Denies each and every allegation contained in paragraphs "75," "76," "77" and "78" of the complaint.

## ANSWERING THE EIGHTH CAUSE OF ACTION

**34.** Repeats and reiterates each and every response to each allegation that is referred to in paragraph "79" of the complaint with the same force and effect as if fully set forth at length.

35. Denies each and every allegation contained in paragraphs, "80," "81," "82" and "83" of the complaint

.

## ANSWERING THE NINTH CAUSE OF ACTION

36. Repeats and reiterates each and every response to each allegation that is referred to in paragraph "84" of the complaint with the same force and effect as if fully set forth at length.

37. Denies knowledge or information upon which to form a belief regarding each and every allegation contained in paragraphs, "85," "86," "87," "88" and "89 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SECOND CAUSE OF ACTION (42 USC SECTION 1985)[2]

38. Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

39. More specifically, plaintiff has failed to plead any facts that show that this defendant and the other named defendants in any way acted in concert against the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SECOND CAUSE OF ACTION (42 USC SECTION 1985)

40. Plaintiff has also failed to state a cause of action upon which relief can be granted in that the plaintiff has failed to allege that racial animus was a motivating factor regarding any of this defendant's actions as is required by the statute.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SECOND CAUSE OF ACTION (42 USC SECTION 1985)

41. None of the actions allegedly undertaken by this defendant were motivated by invidious racial animus as is required by the statute.

---

[2] This defendant shall only address the causes of action where this defendant is named.

42. When this defendant rented a room to the plaintiff she was aware that the plaintiff was Black and of African heritage.

43. At the time that the plaintiff moved into this defendant's apartment, this defendant had already rented another room in her apartment to another Black male who upon information and belief was also of African heritage. This tenant remains in the apartment as of the date of this pleading. This tenant and this defendant have had no difficulties with each other of any kind.

44. The difficulties that the plaintiff and this defendant had with each other had nothing to do with race, but was a result of the plaintiff's improper, unlawful and sometimes violent behavior toward this defendant, which eventually resulted in this defendant having to take out an order of protection against the plaintiff and bring an eviction proceeding against him in the Civil Court of the City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's FOURTH CAUSE OF ACTION (CLAIM OF PERSONAL INJURIES SUFFERED BY REASON OF ASSAULT AND BATTERY)

45. Plaintiff is precluded from bringing this claim against this defendant by reason of the doctrine of *Res Judicada.*

46. More specifically in 2006, the plaintiff brought a personal injury claim, and other claims arising out of the same incidents set forth in plaintiff's complaint in this action against this defendant in the Civil Court of the City of New York, County of New York, Umunah v. Reyes, Index No. 4511/06.

47. In a decision and order rendered after trial by the Hon. Cynthia S. Kern, J.C.C. dated March 15, 2007 and filed with the Clerk of the Civil Court New York County on

March 15, 2007 the Court in relevant part dismissed plaintiff's claim for personal injuries on the merits.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SIXTH CAUSE OF ACTION (CLAIM OF PERSONAL INJURIES BY REASON OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

48. Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

49. More specifically, none of the conduct that plaintiff alleges was engaged in by this defendant was extreme and outrageous conduct.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SIXTH CAUSE OF ACTION (CLAIM OF PERSONAL INJURIES BY REASON OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

50. Plaintiff is precluded from bringing this claim against this defendant by reason of the doctrine of *Res Judicada*.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SEVENTH CAUSE OF ACTION (MALICIOUS PROSECUTION)

51. Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

52. More specifically, plaintiff has failed to plead any facts that show any connection between this defendant and any alleged malicious prosecution of the plaintiff.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's SEVENTH CAUSE OF ACTION (MALICIOUS PROSECUTION)

53. Any complaints made to the police by this defendant regarding the actions of the plaintiff were made in good faith and were in no way made with malicious intent.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's EIGHTH CAUSE OF ACTION (ABUSE OF LEGAL PROCESS)

54. Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

55. More specifically, plaintiff has failed to plead any facts that show any connection between this defendant and any alleged improperly issued criminal charges.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE REGARDING PLAINTIFF's EIGHTH CAUSE OF ACTION (ABUSE OF LEGAL PROCESS)

56. Any complaints made to the police by this defendant regarding the actions of the plaintiff were made in good faith and were in no way made with malicious intent.

**WHEREFORE,** defendant ANA REYES demands judgment against the plaintiff CARL UMUNNA dismissing the complaint in its entirety together with costs and any and all other relief that this Court may deem appropriate.

                                        _____
PERRY S. FRIEDMAN
       PSF 3976
Attorney for Defendant
ANA REYES
Office and P. O. Address
460 Park Avenue South
New York, New York 10016
(212) 679-6500

TO:  NNEBE & NNEBE
     Attorneys for Plaintiff
     255 Livingston Street
     Brooklyn, New York 11217

     MICHAEL A. CARDOZO
     Corporation Counsel of the
     City of New York
     Attorney for Defendant
     CITY OF NEW YORK
     100 Church Street
      New York, New York 10007