UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CARL UMUNNA,

                    Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

                    Defendants.

-------------------------------------------------------------X

**ANSWER TO COMPLAINT**

Docket No. 07 Civ. 8791(CM)(DFE)

**JURY TRIAL DEMANDED**

This document has been
electronically filed.

      Defendants City of New York, Police Officer Jorge Rochez, Detective Noel Garcia, Police Officer Francisco Torres, Police Officer Ivan Rosario and Police Officer Carlos Romero by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

      1.   Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

      2.   Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

      3.   Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

      4.   Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

      5.   Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

      6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint as it pertains to unidentified defendants.

10.   Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation in the State of New York and employs Police Officer Jorge Rochez, Detective Noel Garcia, Police Officer Francisco Torres, Police Officer Ivan Rosario and Police Officer Carlos Romero.

11.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.   Deny the allegations set forth in paragraph "13" of the Complaint.

14.   Deny the allegations set forth in paragraph "14" of the Complaint

15.   Deny the allegations set forth in paragraph "15" of the Complaint.

16.   Deny the allegations set forth in paragraph "16" of the Complaint.

17.   Deny the allegations set forth in paragraph "17" of the Complaint.

18.   Deny the allegations set forth in paragraph "18" of the Complaint.

19.   Deny the allegations set forth in paragraph "19" of the Complaint as it pertains to Detective Noel Garcia and Officer Carales and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

20. Deny the allegations set forth in paragraph "20" of the Complaint as it pertains to Officers Romero and Rosario and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     In response to the allegations set forth by paragraph "42" of the Complaint, defendant repeats paragraphs "1" through "41" of this Answer as if fully set forth herein.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     In response to the allegations set forth by paragraph "47" of the Complaint, defendant repeats paragraphs "1" through "46" of this Answer as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     In response to the allegations set forth by paragraph "51" of the Complaint, defendant repeats paragraphs "1" through "50" of this Answer as if fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "53" of the Complaint.[1]

55.     Deny the allegations set forth in paragraph "54" of the Complaint.

56.      Deny the allegations set forth in paragraph "55" of the Complaint.

57.     In response to the allegations set forth by paragraph "56" of the Complaint, defendant repeats paragraphs "1" through "56" of this Answer as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "57" of the Complaint.

59.     Deny the allegations set forth in paragraph "58" of the Complaint.

---

[1] Plaintiff incorrectly used the # 53 twice in his Complaint.

60.     Deny the allegations set forth in paragraph "59" of the Complaint.

61.     In response to the allegations set forth by paragraph "60" of the Complaint,
defendant repeats paragraphs "1" through "60" of this Answer as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "61" of the Complaint.

63.     Deny the allegations set forth in paragraph "62" of the Complaint.

64.     Deny the allegations set forth in paragraph "63" of the Complaint.

65.     Deny the allegations set forth in paragraph "64" of the Complaint.

66.     Deny the allegations set forth in paragraph "65" of the Complaint.

67.     Deny the allegations set forth in paragraph "66" of the Complaint.

68.     Deny the allegations set forth in paragraph "67" of the Complaint.

69.     In response to the allegations set forth by paragraph "68" of the Complaint,
defendant repeats paragraphs "1" through "68" of this Answer as if fully set forth herein.

70.     Deny the allegations set forth in paragraph "69" of the Complaint.

71.     Deny the allegations set forth in paragraph "70" of the Complaint.

72.     Deny the allegations set forth in paragraph "71" of the Complaint.

73.     Deny the allegations set forth in paragraph "72" of the Complaint.

74.     In response to the allegations set forth by paragraph "73" of the Complaint,
defendant repeats paragraphs "1" through "73" of this Answer as if fully set forth herein.

75.     Deny the allegations set forth in paragraph "74" of the Complaint.

76.     Deny the allegations set forth in paragraph "75" of the Complaint.

77.     Deny the allegations set forth in paragraph "76" of the Complaint.

78.     Deny the allegations set forth in paragraph "77" of the Complaint.

79.     Deny the allegations set forth in paragraph "78" of the Complaint.

80.     In response to the allegations set forth by paragraph "79" of the Complaint, defendant repeats paragraphs "1" through "79" of this Answer as if fully set forth herein.

81.     Deny the allegations set forth in paragraph "80" of the Complaint.

82.     Deny the allegations set forth in paragraph "81" of the Complaint.

83.     Deny the allegations set forth in paragraph "82" of the Complaint.

84.     Deny the allegations set forth in paragraph "83" of the Complaint.

85.     In response to the allegations set forth by paragraph "84" of the Complaint, defendant repeats paragraphs "1" through "84" of this Answer as if fully set forth herein.

86.     Deny the allegations set forth in paragraph "85" of the Complaint.

87.     Deny the allegations set forth in paragraph "86" of the Complaint.

88.     Deny the allegations set forth in paragraph "87" of the Complaint.

89.     Deny the allegations set forth in paragraph "88" of the Complaint.

90.     Deny the allegations set forth in paragraph "89" of the Complaint.

## AS AN FOR A FIRST AFFIRMATIVE DEFENSE

91.     The Complaint fails to state a claim upon which relief can be granted.

## AS AN FOR A SECOND AFFIRMATIVE DEFENSE

92.     Defendants City of New York, Police Officer Jorge Rochez, Detective Noel Garcia, Police Officer Francisco Torres, Police Officer Ivan Rosario and Police Officer Carlos Romero  have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AN FOR A THIRD AFFIRMATIVE DEFENSE

93.     There was probable cause for plaintiff's arrest/detention and prosecution.

## AS AN FOR A FOURTH AFFIRMATIVE DEFENSE

94.     Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AN FOR A FIFTH AFFIRMATIVE DEFENSE

95.     At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AN FOR A SIXTH AFFIRMATIVE DEFENSE

96.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendants have governmental immunity from liability.

## AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

97.     Officers Carlos Romero and Ivan Rosario had no personal involvement in the allegations alleged in the Complaint that took place on October 22, 2006.

## AS AN FOR AN EIGHTH AFFIRMATIVE DEFENSE

98.     Officers Francisco Torres and Jorge Rochez had no personal involvement in the allegations alleged in the Complaint that took place on November 8, 2006.

## AS AN FOR A NINTH AFFIRMATIVE DEFENSE

99.     Officers Romero, Rosario, Torres and Rochez had no personal involvement in the allegations alleged in the Complaint that took place on November 10, 2006.

## AS AN FOR A TENTH AFFIRMATIVE DEFENSE

100.     Officers Romero, Rosario, Torres and Rochez had no personal involvement in the allegations alleged in the Complaint that took place on November 21, 2006.

### AS AN FOR AN ELEVENTH AFFIRMATIVE DEFENSE

101.    Officers Romero and Rosario had no personal involvement in the allegations alleged in the Complaint that took place on February 3, 2007.

### AS AN FOR A TWELFTH AFFIRMATIVE DEFENSE

102.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AN FOR A THIRTEENTH AFFIRMATIVE DEFENSE

103.    Punitive damages cannot be recovered from Defendant City of New York.

### AS AN FOR A FOURTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff has failed to comply with General Municipal Law § 50.

**WHEREFORE**, defendants request judgment dismissing the Complaint in its

entirety, together with costs and disbursements of this action, and such other and further relief as

the Court may deem just and proper.

Dated: New York, New York
       January 14, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of
                                    the City of New York
                                    Attorney for defendants City of New York,
                                    Police Officer Jorge Rochez, Detective Noel
                                    Garcia, Police Officer Francisco Torres,
                                    Police Officer Ivan Rosario and Police
                                    Officer Carlos Romero
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 442-0832
                                    (212) 788-9776 (fax)

                                  By:   s/ Hugh A. Zuber            .
                                      Hugh A. Zuber (HZ 4935)
                                      Assistant Corporation Counsel

TO:     The Clerk of the Court (By ECF)
          United States District Court
          Southern District of New York
          500 Pearl Street
          New York, New York 10007

CC:     Okechukwu Valentine Nnebe, Esq. (By ECF)
          255 Livingston Street, 4th Floor
          Brooklyn, New York 11217
          Attorney for Plaintiff