**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
CARL UMUNNA,

        Plaintiff,        **07 CIV. 8791 (CM)(DFE)**

                                CIVIL ACTION

   against

                                **FIRST AMENDED**
                                **COMPLAINT**

THE CITY OF NEW YORK; NEW YORK
CITY POLICE DEPARTMENT; "POLCIE
OFFICER JORGE ROCHEZ",SHIELD NO.    **PLAINTIFF DEMANDS**
02048; "POLICE OFFICER TORRES,      TRIAL BY JURY
SHIELD NO. 24873; "POLICE OFFICER
ROMERO", SHIELD NO. 8835; "POLICE
OFFICER ROSARIO", SHIELD NO. 9231;
"DETECTIVE NOEL GARCIA", SHIELD NO
01060; ANA REYES; "Police Officers
JANE DOE" and "JOHN DOE" 1'through'
10 inclusive, the names of the last
defendants being fictitious, the
true names of defendants being
unknown to the plaintiff.

        Defendant(s).
------------------------------------X----------------------------

    TAKE NOTICE, the Plaintiff, Carl Umunna, hereby appears in this action by his attorneys, Nnebe & Nnebe, and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Carl Umunna, by his attorneys, Nnebe & Nnebe, complaining of the defendants, The City of New York, The New York City Police Department, P.O. Jorge Rochez [02048], P.O. Torres [24873], P.O. Romero [8835], P.O. Rosario [9231], Detective Noel Garcia [01060, Ana Reyes, "Jane Doe" and "John Doe" 1 'through' 10 collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the

      deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the permanent personal injuries sustained by the plaintiff, as a result of the willfulness and negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff, and for the assault on plaintiff by defendant Ana Reyes.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983, §1985 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff is Black and resides in New York, New York and is a resident of the State of New York.

7. Defendants Police Officers are Spanish, and at all times

relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendant Ana Reyes is Spanish and resides in New York, New York and is a resident of the State of New York.

9. Defendants P.O. "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. By a lease agreement between plaintiff and defendant Ana Reyes, defendant Ana Reyes sub-rented to plaintiff a one-room-space at the premises located at 610 West 139 Street, Apt. 6d, New York, NY 10031 at a monthly rent of $500.00. Subsequently thereafter, the relationship between plaintiff and defendant Ana Reyes degenerated and defendant Ana Reyes proceeded with actions intended to force plaintiff to vacate the premises.

12. On or about October 22, 2006 at about 1:30 a.m. at the above premises, defendant Ana Reyes, without any or just provocation, attacked and assaulted the plaintiff causing plaintiff lacerations and bruises. Defendant Ana Reyes is Spanish.

13. Plaintiff promptly called the police by dialing "911". Two Spanish police officers from 30th Precinct were dispatched to respond to plaintiff's call and they arrived at the premises at about 3:00 a.m. The officers saw the bleedings and the bruises on plaintiff; plaintiff narrated the assault to the officers; plaintiff's co-tenant, Norman, also corroborated the assault on plaintiff to the officers; the officers then took defendant Ana Reyes aside and discussed with her in Spanish – a language that plaintiff did not understand.

14. Upon discussing with defendant Ana Reyes in Spanish, the officers told plaintiff that the assault on him was a mere

    harassment and that defendant Ana Reyes merely wanted plaintiff to move out of the rented apartment. Plaintiff requested the officers to arrest defendant Ana Reyes for the assault, to document the report of the incident, and to provide him with their names and badge or shield numbers but the officers refused and left the premises.

15. Plaintiff immediately re-dialed "911" and complained about the officers' conducts and refusal to provide plaintiff with their identity. The officers were thus sent back to the premises at about 3:45 a.m., at which time they grudgingly disclosed to plaintiff their identity as Officer Rochez [02048] and Officer Torres [24873].

16. Because of the conduct and obvious bias of the officers of the 30th Precinct, plaintiff at about 5:00 p.m. of the same date reported the assault to the 26th Precinct. The report was duly documented at the 26 Precinct but was referred back to the 30th Precinct that have jurisdiction over the premises.

17. Few days thereafter, plaintiff received a phone call from defendant detective Noel Garcia [01060] of the 30th Precinct who invited plaintiff to the Precinct to sign statements and documents authorizing the arrest and prosecution of defendant Ana Reyes for the assault on plaintiff. Plaintiff attended to detective Noel Garcia's invitation to the 30th Precinct where plaintiff formally made his written statement of assault against defendant Ana Reyes and the conducts of Officer Rochez and Torres aforesaid.

18. To plaintiff's greatest dismay, detective Noel Garcia (also Spanish) attempted to discourage plaintiff from pressing assault charges against defendant Ana Reyes informing plaintiff that continuing with the complaint may affect plaintiff's employment as a teacher with the New York City Department of Education, and more so that defendant Ana Reyes has been prohibited from entering the premises. Plaintiff refused to discontinue with the complaint.

19. Notwithstanding, defendant Ana Reyes continued to harass, inconvenience and assault the plaintiff and plaintiff diligently reported each incident to detective Noel Garcia who took no action. On or about November 7, 2006, defendant Ana Reyes assaulted plaintiff by jamming the bathroom door on plaintiff's finger. Plaintiff reported to the police and the incident was duly documented by Officer Carales

[shield No. 12100] as harassment.

20. The next day, defendant Ana Reyes shut-off the gas and water in the premises and broke the toilet flush handle and plaintiff duly called the police. The officers dispatched left the premises without documenting the incident, refused to disclose their identity to plaintiff and did not caution defendant Ana Reyes. Upon plaintiff's further complaint, the officers were sent back to the premises and disclosed their identity as Officer Romero [8835] and Officer Rosario [9231].

21. On or about November 10, 2006 plaintiff visited 30th Precinct on the invitation of defendant detective Noel Garcia allegedly to "sign his statement/complaint of assault against defendant Ana Reyes" and to "present his medical papers". However, rather than proceed with what plaintiff was invited, defendant Detective Noel Garcia informed plaintiff that he is yet to read his statement/complaint submitted about two weeks earlier and had not interviewed defendant Officers Torres and Rochez over the incidence of October 22, 2006. Rather, detective Noel Garcia pressured plaintiff to drop his charges against defendant Ana Reyes informing plaintiff, amongst others: that the case could get "messier"; that defendant Ana Reyes may be claiming that plaintiff also pushed her on October 22, 2006; that plaintiff's teaching employment with New York City Department of Education may be affected if he is arrested or a criminal charge is filed against him; and that plaintiff may be arrested.

22. Plaintiff was concerned and fearful of detective Noel Garcia's threats aforesaid – including concerns and fear for his life and for being set-up for arrest and criminal charge, but refused to back down on his complaint against defendant Ana Reyes. Plaintiff thus petitioned the Office of New York District Attorney concerning the conducts of the individual defendants herein, and for the protection of his life.

23. On or about November 21, 2006, Detective Noel Garcia called and invited plaintiff to the 30th Precinct allegedly to "sign papers that will provide plaintiff with Order of Protection against defendant Ana Reyes". Upon arrival at the 30th Precinct, plaintiff was informed by Detective Garcia that the paperwork for the Order of Protection against defendant Ana Reyes will be sent to the office of

the New York District Attorney and that the process includes taking plaintiff's photograph and fingerprints.

24. After taking plaintiff's photographs and fingerprints, detective Garcia then presented plaintiff with a criminal summons to appear in court on December 18, 2006 to answer to a charge under PL-120.00(1): "Assault in the Third Degree", allegedly committed by plaintiff against defendant Ana Reyes on October 22, 2006. Plaintiff was never informed that any criminal complaint was filed against him by any person or that he was under arrest prior to and before his fingerprints and photographs were taken. Plaintiff duly petitioned the office of the New York District Attorney against this continued violation of his constitutional rights. The false criminal assault charge against plaintiff was dismissed.

25. On or about February 3, 2007 at about 12:45 a.m. defendant officer Rochez, defendant Ana Reyes with about six other police officers employed with the New York City Police Department and assigned to the 30th Precinct, without probable cause and/or justification, forcefully entered plaintiff's residence to evict him. The officers informed plaintiff that he is to be evicted immediately from the premises because "a 10 day eviction order" in favor of defendant Ana Reyes against plaintiff expired at 12 midnight.

26. When plaintiff showed the officers the Order from the civil court, housing part, staying his eviction pending the determination of his order to show cause, the officers then stated that plaintiff was in violation of an order of protection in favor of defendant Ana Reyes. Plaintiff informed the officers that he is not aware of any order of protection against him and showed them his order of protection against defendant Ana Reyes, who at that time lives in Connecticut with her husband but visits New York, and that he had not seen defendant Ana Reyes for sometime.

27. With full knowledge of the facts stated above, defendants officers arrested plaintiff who was thrown into the back of the police car and taken to the 30th Precinct where he was held for several hours, and thereafter transported to the Central Booking Division at the Criminal Court located at 100 Center Street, New York, New York where he was placed in a "holding pen" along with numerous other arrested persons and falsely charged with PL-215.50(3): "Criminal

    Contempt in the Second Degree", for alleged intentional disobedience to the lawful mandate of a court. Plaintiff was never informed as to why he was being arrested, until he was about to be transported to Central Booking, that's when he was informed that he had been arrested for trespassing on his sub-rented premises. The false charge against plaintiff has been dismissed.

28. While under arrest plaintiff was subjected to numerous assault, derogatory remarks, battery, cruel and inhuman treatments and deprivation of his rights. Defendant officer Rochez asked plaintiff whether a black man can be a "Hebrew" or "Jew"; told plaintiff that he can write as many petition as he wish but that plaintiff is now under his control and that he will threat him as he like; mocked plaintiff accents; used excessive and unnecessary force against plaintiff by placing the handcuffs on plaintiff excessively tight and refused to loosen it despite complaints by plaintiff; refused plaintiff's requests to speak with the DA while permitting defendant Ana Reyes the same request; twisted plaintiffs hands and shoved plaintiff; refused plaintiff medical attention despite requests; refused to allow plaintiff food and water while at the hospital; when food was eventually brought for plaintiff at the hospital, officer Rochez chained plaintiff's right hand to the chair and permitted plaintiff to eat with his left hand fully aware that plaintiff is right-handed; officer Rochez, without just cause or excuse kicked and spilled plaintiff's foods.

29. Though defendant Ana Reyes was also "arrested" for violation of Order of Protection granted to plaintiff, she was allowed to go home and was not charged with any offense. The alleged arrest of defendant Ana Reyes is a sham and in furtherance of the conspiracy stated herein; defendant Ana Reyes was not processed and was her "arrest" not documented.

30. Even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to falsely and maliciously arrest plaintiff, charged him with two offenses, assaulted and incarcerated plaintiff just to intimidate him. Defendant officers' actions were done with malice and in furtherance of their conspiracy with defendant Ana Reyes to arrest and file criminal charges against plaintiff for the sole purpose of having plaintiff's employment with New York

      City Department of Education terminated, and in retaliation for plaintiff's refusal to discontinue his complaint against Ana Reyes and for filing petitions against the police officers.

31. At no time during the arrests was plaintiff read his Miranda rights or allowed to make a phone call or inform his family that he had been arrested. Defendant police officers arrested and filed criminal charges against plaintiff, not to prosecute but to achieve the collateral purpose of having plaintiff's teaching employment with New York City Department of Education terminated, which employment was terminated in 2006 as a result of the arrests and criminal charges.

32. At no time did plaintiff commit any offenses against the laws of New York City and/or any State for which an arrest may be lawfully made. At no time did the plaintiff assault Ana Reyes or trespass at the alleged property or commit any illegal acts, or engage in any conduct which in any way justified the brutal, malicious and unlawful actions of the police.

33. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to loss of employment, emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

34. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment, and the criminal charges were intentional, malicious, reckless and in bad faith because of defendants' knowledge of a lack of any legitimate cause or justification.

35. As a direct and proximate result of his unlawful detention, assault, confinement, and criminal charges, plaintiff has lived in terror; he continues to suffer from nightmares, is fearful of going outside and when he sees the police, he suffers various emotional attacks; in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

36. As a direct and proximate result of defendant's actions, plaintiff was deprived of rights, privileges and immunities

under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

37. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

38. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

40. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

41. By these actions, defendants conspired to interfere with plaintiff's rights and have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1985 and 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983–against Defendants Officers

42. Plaintiff hereby restates paragraphs 1–41 of this complaint, as though fully set forth below

43. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the defendant police officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of

the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

44. In addition, the defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. The defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

42 U.S.C Section 1985-against Defendant Officers and Ana Reyes

47. Plaintiff hereby restates paragraphs 1-46 of this complaint, as though fully set forth below

48. Defendant police officers and Ana Reyes with discriminatory animus conspired and agreed amongst themselves, and with intent and purpose to deny plaintiff(who is black) of the equal protection of the laws, to intimidate, hinder, defeat, obstruct, and injure plaintiff for lawfully enforcing or attempting to enforce his rights and the due course of justice, and deprived Plaintiff of equal protections, rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1985, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

49. In addition, the Defendants with discriminatory animus conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above. Defendants acted willfully, knowingly, and with the specific discriminatory intent to deprive the Plaintiff of his constitutional rights to equal protection, privileges, and immunities of the laws secured by 42 U.S.C. Section 1985, and by the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of the conspiracy detailed above, Plaintiff sustained the damages herein before stated.

## AS A THIRD CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

51. Plaintiff hereby restates paragraph 1-50 of this complaint, as though fully set forth below

52. By detaining and imprisoning plaintiff, without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

53. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

53. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

54. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## **AS A FOURTH CAUSE OF ACTION:**

False Arrest and False Imprisonment--all defendant officers

56. Plaintiff hereby restates paragraph 1-55 of this complaint, as though fully set forth below

57. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

58. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, with malice, without probable cause or reasonable suspicion but in furtherance of the conspiracy and sole intent of having an arrest and criminal charge record against plaintiff so as to terminate his employment with New York City Department of Education.

59. At all relevant times, the defendant officers acted forcibly in apprehending, detaining, and imprisoning the Plaintiff. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened and was unlawfully, wrongfully, and unjustifiably deprived of his liberty.

60. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

62. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

63. The Defendants Officers acted with a knowing, willful,

   wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

65. The Plaintiff hereby restates paragraph 1-64 of this complaint, as though fully set forth below.

66. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

67. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious conspiracy, arrest, detention, imprisonment and malicious prosecution by the defendants.

68. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A SIXTH CAUSE OF ACTION:

Malicious Prosecution-all Defendants

70. The Plaintiff hereby restates paragraph 1-69 of this complaint, as though fully set forth below.

71. Defendants officers, acting under the pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD

      Officers, unlawfully and without probable cause or reasonable suspicion and in furtherance of the conspiracy aforesaid unlawfully detained and imprisoned plaintiff, and deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983 and 1985, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

72. In addition and with discriminatory animus, the defendants officers conspired among themselves and defendant Ana Reyes to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983 and 1985, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

73. In furtherance of the aforesaid conspiracy with defendant Ana Reyes, the defendant officers without probable cause and with malice file two criminal charges of Assault in the Third Degree and Criminal Contempt in the Second Degree against plaintiff, which charges were terminated in favor of plaintiff.

74. Defendants' action in filing the criminal charges against plaintiff was affected with full knowledge that plaintiff did not commit any offense or violate any law upon which the charges may be sustained but for the sole and malicious purpose of having plaintiff's employment with New York City Department of Education terminated, and in retaliation for plaintiff's refusal to discontinue his complaint against Ana Reyes and for filing petitions against the police officers.

75. As a direct and proximate result of the misconducts and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A SEVENTH CAUSE OF ACTION:

Abuse of Judicial Process – All defendants

76. The Plaintiff hereby restates paragraph 1-75 of this complaint, as though fully set forth below.

77. Defendants officers, acting under the pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers, and with discriminatory animus, conspired among themselves and defendant Ana Reyes to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983 and 1985, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

78. In furtherance of the aforesaid conspiracy with defendant Ana Reyes, the defendant officers without probable cause and with malice improperly issued and used two criminal charges of Assault in the Third Degree and Criminal Contempt in the Second Degree against plaintiff, which charges were terminated in favor of plaintiff.

79. Defendants' improperly issued and used the criminal charges against plaintiff in a perverted manner, without excuse or justification, intended to harm plaintiff in his employment, and solely to obtain a collateral objective of having plaintiff's employment with New York City Department of Education terminated, and in retaliation for plaintiff's refusal to discontinue his complaint against Ana Reyes and for filing petitions against the police officers.

80. As a direct and proximate result of the misconducts and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A EIGHT CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

81. Plaintiff hereby restates paragraph 1-80 of this Complaint, as though fully set forth below.

82. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

83. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an

      injury to plaintiff or to those in a like situation would probably result from this conduct.

84. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were racial, not prudent and were potentially dangerous.

85. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

86. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

    **WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants and defendant Ana Reyes in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at

trial, punitive damages against the Officers Defendants and defendant Ana Reyes in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants and defendant Ana Reyes in an amount to be determined at trial;

8. On the Eight Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

9. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   Brooklyn, New York
         February 28, 2008

                                    Respectfully Submitted

                                    **NNEBE & NNEBE**


                                         /s/Okechukwu Valentine Nnebe
                               By:  Okechukwu Valentine Nnebe. [ON6147]
                                    255 Livingston Street, 4th Floor
                                    Brooklyn, New York 11217
                                    Tel. No.  : (718) 874-6421
                                    Fax No.   : (718) 502-9953