```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08
```



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

HUGH A. ZUBER
Assistant Corporation Counsel
phone: 212-442-0832
fax: 212-788-9776
email: hzuber@law.nyc.gov

**MEMO ENDORSED**

June 26, 2008

*6/30/08 OK - but no more extensions  CM*

BY FACSIMILE – 212-805-6326
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

Re: *Carl Umunna v. City of New York, et al.*, 07 Civ. 8791(CM)(DFE)

Dear Judge McMahon:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, Francisco Torres, Jorge Rochez, Carlos Romero, Ivan Rosario and retired Detective Noel Garcia in the above-referenced matter. I write on behalf of all parties to request an extension of the discovery deadline, from June 27, 2008, to August 27, 2008. Should Your Honor grant this request, all parties further respectfully request that the Court enlarge the corresponding deadlines as set forth in the Your Honor's Civil Case Management Plan, dated January 18, 2008, by sixty (60) days. This is the first request for an extension of the discovery deadline.

    To date, plaintiffs and defendants have responded to the respective Requests for the Production of Documents. Defendant City of New York and individual police officers are preparing responses to plaintiff's Interrogatories and should have them submitted to plaintiff's counsel, Valentine Nnebe, Esq. and co-defendant's counsel Perry Friedman, Esq., within five days. Both plaintiff's and defendant Ana Reyes' depositions have been taken and now depositions for all of the police officers are being scheduled. Therefore, an enlargement of time will allow the parties to complete the depositions and any outstanding discovery issues. Finally, defendants City of New York and the aforementioned named police officers have received a settlement demand and are presently working to get the authority to have a meaningful discussion with plaintiff's counsel within the next week.

As set forth above, the parties have been working together to resolve any disputes and to narrow the scope of this case. An extension of time would enable the parties to continue to conduct discovery while attempting to resolve this matter.

Therefore, for the reasons set forth above, the parties respectfully request that their time to complete fact discovery be extended to August 27, 2008, and if the Court grants this request, both parties further respectfully request that the Court enlarge the corresponding deadlines as set forth in the Your Honor's Civil Case Management Plan, dated January 18, 2008, by sixty (60) days.

Thank you for your consideration in this matter.

Respectfully submitted,

Hugh A. Zuber (HZ 4935)
Assistant Corporation Counsel

TO:   Valentine O. Nnebe, Esq.
      255 Livingston Street, 4th Floor
      Brooklyn, New York 11217
      Attorney for Plaintiff

      Perry S. Friedman, Esq.
      460 Park Avenue, 4th Floor
      New York, New York 10016
      Attorney for Defendant Ana Reyes

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X

Carl Umunna,

                Plaintiff(s),          07 Civ. 8791 (CM) (DFE)

   -against-

The City of New York, et al,

                Defendant(s).

———————————————————X

CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by _Same_.

3. No additional parties may be joined after _Same_.

4. No pleading may be amended after _Same_.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, including expert discovery, must be completed on or before _8/27/08_. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and

shall be completed by _____. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by_____; Defendant(s) expert report(s) by _____.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate _____ for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before 9/30/08. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:
    New York, New York

Upon consent of the parties:
[signatures of all counsel]

_____      _____

_____      _____

_____      _____

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge